FILED

2018 AUG 15  PM 1:19

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY: _____

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

DIMITRI PATTERSON,

    Plaintiff,

vs.

BALLER ALERT INC., ROBIN LYON,

BALLER ALERT LLC,

    Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

## CV18-07068-CAS(AFMx)

### DEMAND FOR JURY TRIAL

### VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**DEFAMATION**
**DEFAMATION PER SE**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**INJUNCTIVE RELIEF**
**GENERAL DAMAGES**

## INTRODUCTION

1.      This action is brought by the Plaintiff, Dimitri Patterson, against Defendants, Baller Alert Inc., Baller Alert, LLC, and Robin Lyon, hereinafter (the Defendants), arising from a social media post on the global online platform Instagram titled, "*Former NFL Player Detained for Injuring Two Officers*". The post was disseminated globally and throughout the state of California by the Defendants by way of the Internet. **[See Exhibit A]**



PAID

AUG

Clerk, US District Court
COURT

1

2.     Baller Alert Inc. and Baller Alert, LLC is owned by Robin Lyon who controls, maintains and operates the social media handle @balleralert on the global social media platform Instagram. The Defendants currently have over 4 million followers.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and both Plaintiff and the Defendant are citizens of different states.

4.     Venue is proper pursuant to 28 U.S.C 1391, as the Defendants are subject to this Court's personal jurisdiction with respect to this action.

5.     This action does not violate the Due Process Clause of the Fourteenth Amendment. The actions of the Defendants within the state of California are sufficient to satisfy the demands of due process. *Hutchinson* v. *Chase & Gilbert,* 45 F.2d 139, 141

6.     This Court has jurisdiction over the Defendants because they currently disseminate daily posts on Instagram in digital format throughout Los Angeles and the State of California, where the Plaintiff resides. This proves a "continuous and systematic relationship" with the State of California and the millions of residents who have access to Instagram. **"See Exhibit A"**

## PARTIES

7.     Plaintiff, Dimitri Patterson (hereinafter DP), was and continues to be *sui juris* over the age of 18 and a citizen of the State of California.

8.     At all times, material hereto, the Defendant, Baller Alert Inc., an active corporation organized and existing under the laws of the State of Florida who is registered with the Florida Department of State with its principle place of business in Miami, FL.

9.     At all times, material hereto, the Defendant, Baller Alert, LLC, a dissolved corporation organized and existing under the laws of the State of Florida who is registered with the Florida Department of State with its principle place of business in Miami, FL.

10.   At all times, material hereto, the Defendant, Robin Lyon who is a citizen of Florida is the owner of Baller Alert Inc. and Baller Alert, LLC and controls, maintains and operates the social media handle @balleralert on the global social media platform Instagram.

## STATEMENTS OF FACTS

### DP's Background

11.     DP is a resident of the State of California.

12.     DP played in the NFL for ten years.

13.     DP has never been charged with a crime by the State of Florida pursuant to Florida law.

## DEFAMATORY STATEMENTS BY THE @balleralert INSTAGRAM POST

14.    On or around August 16, 2017 the Defendants disseminated the defamatory post titled, *"Former NFL Player Detained for Injuring Two Officers"* (hereinafter IG post), which the Defendants published online to third parties globally and throughout the state of California. See attached hereto as **Exhibit "A".**

15.    The IG post is false and defamatory in its overall portrayal of DP as a violent, impulsive, unstable, heartless and cruel person. The IG posts is also false in many of its particulars. This action is predicated on the absence of a verified source and what the IG post communicate as a whole, including the headlines, captions, and the numerous defamatory statements concerning the Plaintiff, DP, contained within the IG post. The IG post is clear cut "hearsay" and lacks a verified source.

16.    The IG Post has and currently garner significant views where DP currently resides in Los Angeles California, and where the Plaintiff's reputation was and continues to be significantly injured. **See Exhibit "A"**

## THE IG POST

17.    With the complete absence of a verified source the IG post imputes multiple felonies to the Plaintiff stating that, "Former NFL Player Dimitri Patterson was detained Tuesday after he injured two police officers." See Exhibit "A"

18.    The IG post then states that, "Patterson attempted to flee after a judge ordered him to be placed in custody. See Exhibit "A"

19.    With a high degree of awareness of the post's falsity the IG post continues by stating that, "While running, a female officer was knocked over by Patterson, consequently hitting her head. As a result, she was forced to go to the hospital." See Exhibit "A"

4

20.     The IG post makes false claims stating that, "Patterson also injured a male officer's wrist while fleeing. See Exhibit "A"

21.     The IG post continues character assassination of DP stating "Patterson will face charges, including battery on a law enforcement officer." See Exhibit "A"

## FALSITY

22.   The IG post is false in its overall portrayal of DP as a violent, impulsive, unstable, heartless, cruel person who's facing felony charges. The Articles are also defamatory in many of their specific details.

23.   DP never injured any police officers while running out of a courtroom at the Lawson E. Thomas Courthouse in downtown Miami, nor did a Judge order for him to be taken into custody. There are cameras outside and inside the courtroom, which supports this and there are no official judicial proceedings or documentation that exists of a judge holding DP in contempt of court.

24.   DP was never facing the charge of battery on a law enforcement officer, nor was there a legal hearing requiring DP to be at the Lawson E. Thomas Courthouse. You must first have a valid case number with a legal charging document on file. This can easily be proven by requesting copies of certified court records from the Miami-Dade County Clerk of Court.

## MALICE

25.    Malice is defined as, when a statement is made with knowledge that it was false, or, reckless disregard, whether it was false or not. *New York Times Co v. Sullivan* 376 U.S. at 279-80 (1964). The Defendant's state of mind can be proved circumstantially as well. *See St. Amant v. Thompson*, 390 U.S. 727, 732, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968);

26.    Inasmuch as defendants did not know the statement was false, plaintiff's claim rests on proof of a reckless disregard of whether it was false or not. To satisfy the reckless disregard standard, plaintiff had to establish that defendants in fact " `entertained serious doubts as to the truth of the publication' " or that they actually had a "`high degree of awareness of its probable falsity'" (*Harte-Hanks Communications v Connaughton*, 491 US 657, 667,.

27.    The Defendants had no qualified privilege to make false and defamatory statements against the Plaintiff, nor was there any interest, or, a legal, moral, or, social duty in regard to a certain subject (Dimitri Patterson), when speaking to another "having a corresponding interest or duty." Examples: "a communication to an employer regarding his employee's performance"; "communications for bona fide commercial purposes where the interest to be protected is the recipient's"; "statements of a citizen to a political authority regarding matters of public concern."

## PROBABLE CAUSE AFFIDAVITS

## AFFIDAVIT 1

28.    There are two probable cause arrest affidavits filed with the Miami-Dade County Clerk of Courts. On August 15, 2017, Affidavit 1 states that the Plaintiff was arrested at 14:30, listing the charge as a warrant for a traffic citation.

# AFFIDAVIT 2

29.   Affidavit 2 states that the Plaintiff was arrested at 15:45, listing one count of battery on a Police Officer and six counts of resisting an Officer with violence. Affidavit 2 shows a sworn signature by Police Officer Nieves (court id 030-04888-09027) on August 16, 2018. The Defendant disseminated their defamatory post inaccurately reciting details from affidavit 2 by way of the Miami Herald.

30.   If a sworn probable cause affidavit was executed on August 16, 2017, how could it be possible that the Miami Herald published their article on August 15, 2017, before the sworn affidavit and final police report were executed. In addition to the absence of an official statement. This proves to be reckless and shows deliberate disregard of the truth by the Defendants.

31.   The Miami Herald article is a clear cut "hearsay" article and is inadmissible in this instant action. *Federal Rule of Evidence 8.01*

32.   The Miami Herald purported source Argemis Cologme is unverified.

33.   The evidence proves that the Defendants entertained serious doubts as to the truth of their IG post because there was no <u>official statement</u> by a government official in the Miami Herald article.

34.   The evidence proves that the Defendants knew the statements were false because they published the defamatory articles before a sworn probable cause and final police report was executed.  This proves the Defendants had a high degree of awareness of the post's falsity.

35.   The evidence proves that the Defendants re-published the Miami Herald defamatory article with no evidence of an official source which proves the Defendant had a high degree of awareness of the falsity of the publication.

36.   The Defendants, published the defamatory article with actual malice, reckless disregard, and with full knowledge that the statements made in the article were false because they purposefully avoided acquiring knowledge of facts.

37.   The Defendants purposefully avoided verifying an official statement by a government official, this "inaction was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity" of the IG post (*Harte-Hanks Communications v Connaughton, 491 US, at 692,* This proves the intentional avoidance of truth. [See Exhibit A].

38.  The Miami Herald Article falls well short of an authentic news dispatch because it lacks a verified source and is hearsay.

39.   The abhorrent actions show clear malice with the intent to cause irreparable harm to the Plaintiff, in addition to exhibiting the highest degree of flagrancy and gross negligence. The injuries inflicted on the Plaintiff in this action are immeasurable. **See Exhibit "A"**

40.     The Defendants imputed multiple felonies to the Plaintiff.  If such a reader would perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence and common sense, then . . . there is a libel per se. *Barnes-Hind v. Superior Court* (1986) 181 [Cal.App.]3d 377, 381.

## NO WIRE DEFENSE

41.     The defense generally applies "when a local media organization republishes a release from a reputable news agency without substantial change and without actually knowing that the release is false." *Kapetanovic v. Stephen J. Cannell Prods. Inc.*, No. 97 C 2224, 1999 U.S. Dist. LEXIS 745, at *11 (N.D. Ill. Jan. 21, 199). "Defense is available where a local news organization reproduces, without substantial change or knowledge of falsity, an apparently accurate wire release by a reputable news-gathering agency."  The wire service defense is "applied to shield network affiliates from liability when they act as mere conduits for national network news broadcasts." *Kapetanovic v. Stephen J. Cannell Prods. Inc.*, No. 97 C 2224, 1999 U.S. Dist. LEXIS 745, at *12 (N.D. Ill. Jan. 21, 1999).

42.  Unlike the Associated Press, the Miami Herald is a local news organization.

43.  "One who repeats or otherwise republishes defamatory material is subject to liability as if he had originally published it". *Restatement (Second) of Torts § 578 (1977)*.

## NO FAIR REPORTING PRIVELEGE

44.   There is no evidence that proves the Defendants disseminated accurate, fair, and impartial statements from a government official, or, obtained information from official court proceedings and records which constitutes deliberate avoidance of the truth by the Defendants.

45.   A final police report was never reported on. Therefore, the Fair Reporting Privilege is not a viable defense for the Defendant.

46.   There are no official records that detail official judicial proceedings in this action. The unlawful arrest of the Plaintiff on August 15, 2017, was not an official judicial proceeding.

47.   The evidence proves that a probable cause affidavit and final police report were not executed at the time of the Miami herald article which proves the Defendants purposefully avoided the truth. [See Exhibit A]

48.   The evidence proves the Defendants cannot and will not prove they received an official statement from a government official before the defamatory IG post was disseminated which proves the Defendants had reckless disregard of the truth. [See Exhibit A]

49.   This was the case where the IG post was a complete fabrication with no official statement by a government official in existence when the Defendants published the IG post, which proves that the Defendants knew the statements were false and purposefully avoided the truth.

50.   The evidence proves the Defendants published the defamatory IG post with no evidence of an official statement by a government official which proves the Defendant had a high degree of awareness of the falsity of the IG post.

51.   "Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports". *St. Amant v. Thompson,* 390 U.S. at 732, 88 Ct. 1323.

52.   Here, the evidence proves the Defendants IG post is based wholly on an unverified purported source by the Miami Herald. [See Exhibit A]

53.   The Defendants cannot and will not prove they reported on an official judicial proceeding.

54.   To recite defamatory statements from a local news outlet (The Miami Herald) without an official statement by a government official, is a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of the defamatory statements proving that only a reckless publisher would have put such allegations into circulation.

11

## COUNT 1
### (General Defamation)
### Baller Alert Inc.

55.   The Plaintiff re-alleges each and every allegation in paragraphs 14-24, 31-37, 40, 47,49
inclusive, as it is fully stated herein.

56.   On or about August 16, 2017, the Defendants, wrongfully and with actual malice and gross
negligence, caused to be published the statements set forth above. The defamatory statements
prove to be defamation.

57.   The Defendant's defamatory statements were not privileged.

58.   Dimitri Patterson seeks recovery of actual and presumed damages.

59.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional
distress, anguish, substantial damage to his well-being, overwhelming damage to his external
reputation, and devastating damage to his family, personal, community, civic, and business
relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the
Defendants cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to
damages and injunctive relief.

## COUNT II-
### (Defamation Per Se)
### Baller Alert Inc.

60.   The Plaintiff re-alleges each and every allegation in paragraphs 14,17,19,20-21,40
inclusive, as it is fully stated herein

61.   On or around August 16, 2017, the Defendants, wrongfully and with actual malice and
gross negligence, caused to be published the statements set forth above. The defamatory
statements prove to be defamation *per se.*

62.  The Defendant's defamatory statements were not privileged.

63.  Dimitri Patterson seeks recovery of actual and presumed damages.

64.  The Defendant imputed multiple felonies to the Plaintiff.

65.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the Defendants cynical exploitation of the reputation of Dimitri Patterson in paragraphs 14,17,19,20-21,40, and as a result, he is entitled to damages and injunctive relief.

66.  If such a reader would perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence and common sense, then . . . there is a libel per se. *Barnes-Hind v. Superior Court* (1986) 181 [Cal.App.]3d 377, 381.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Baller Alert Inc.

67.  The Plaintiff re-alleges each and every allegation in paragraphs 14-24, inclusive, as it is fully stated herein.

68.  The Defendants have severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

13

69.     The defamatory statements described in paragraphs 14-20 constitute outrageous conduct against Plaintiff.

70.     The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

71.     A reasonable person in the Plaintiff's position would consider the Defendant's conduct as outrageous.

72.     The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT 1
## (General Defamation)
## Baller Alert LLC

73.   The Plaintiff re-alleges each and every allegation in paragraphs 14-24, 31-37, 40, 47,49 inclusive, as it is fully stated herein.

74.   On or about August 16, 2017, the Defendants, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The defamatory statements prove to be defamation.

75.   The Defendant's defamatory statements were not privileged.

76.   Dimitri Patterson seeks recovery of actual and presumed damages.

77.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the Defendants cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to damages and injunctive relief.

## COUNT II-
## (Defamation Per Se)
## Baller Alert LLC

78.   The Plaintiff re-alleges each and every allegation in paragraphs 14,17,19,20-21,40 inclusive, as it is fully stated herein

79.   On or around August 16, 2017, the Defendants, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The defamatory statements prove to be defamation *per se.*

80.   The Defendant's defamatory statements were not privileged.

81.   Dimitri Patterson seeks recovery of actual and presumed damages.

82.   The Defendant imputed multiple felonies to the Plaintiff.

83.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the Defendants cynical exploitation of the reputation of Dimitri Patterson in paragraphs 14,17,19,20-21,40, and as a result, he is entitled to damages and injunctive relief.

84.   If such a reader would perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence and common sense, then . . . there is a libel per se. *Barnes-Hind v.*

*Superior Court* (1986) 181 [Cal.App.]3d 377, 381.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Baller Alert LLC

85.   The Plaintiff re-alleges each and every allegation in paragraphs 14-24, inclusive, as it is fully stated herein.

86.   The Defendants have severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

87.   The defamatory statements described in paragraphs 14-20 constitute outrageous conduct against Plaintiff.

88.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

89.   A reasonable person in the Plaintiff's position would consider the Defendant's conduct as outrageous.

90.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT 1
### (General Defamation)
### Robin Lyon

91.   The Plaintiff re-alleges each and every allegation in paragraphs 14-24, 31-37, 40, 47,49 inclusive, as it is fully stated herein.

92.   On or about August 16, 2017, the Defendants, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The defamatory statements prove to be defamation.

93.   The Defendant's defamatory statements were not privileged.

94.   Dimitri Patterson seeks recovery of actual and presumed damages.

95.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the Defendants cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to damages and injunctive relief.

## COUNT II-
### (Defamation Per Se)
### Robin Lyon

96.   The Plaintiff re-alleges each and every allegation in paragraphs 14,17,19,20-21,40 inclusive, as it is fully stated herein

97.   On or around August 16, 2017, the Defendants, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The defamatory statements prove to be defamation *per se*.

17

98.   The Defendant's defamatory statements were not privileged.

99.   Dimitri Patterson seeks recovery of actual and presumed damages.

100.   The Defendant imputed multiple felonies to the Plaintiff.

101.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Los Angeles, CA, and elsewhere as a direct and proximate result of the Defendants cynical exploitation of the reputation of Dimitri Patterson in paragraphs 14,17,19,20-21,40, and as a result, he is entitled to damages and injunctive relief.

102.   If such a reader would perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence and common sense, then . . . there is a libel per se. _Barnes-Hind v. Superior Court_ (1986) 181 [Cal.App.]3d 377, 381.


## COUNT III
## (Intentional Infliction of Emotional Distress)
## Robin Lyon

103.   The Plaintiff re-alleges each and every allegation in paragraphs 14-24, inclusive, as it is fully stated herein.

104.   The Defendants have severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

105.    The defamatory statements described in paragraphs 14-20 constitute outrageous conduct against Plaintiff.

106.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

107.    A reasonable person in the Plaintiff's position would consider the Defendant's conduct as outrageous.

108.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## Relief

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants as follows:

A.    A judgment for actual damages in the amount of Ten Million ($10,000,000.00) dollars.

B.    Presumed Damages in an amount to be determined by the court, but in no circumstances less than one million ($1,000,000.00) dollars or at least 10% of the Defendant's net worth, whichever is greater, to punish and impress upon Defendants the seriousness of their conduct and to deter similar conduct in the future.

C.    Preliminary and Permanent Injunctive Relief ordering the removal of the defamatory IG post from Instagram for eternity.

D.   A full and fair correction, apology, or retraction was, in the case of a newspaper or periodical, published in the same editions, or, corresponding issues of the newspaper, or, periodical in which said article/IG post appeared, and in a conspicuous place and typed as said original article.

E.   For such other and further relief for the Plaintiff, as the Court deems just and equitable.

Dimitri Patterson
3701 Wilshire Blvd #530
Los Angeles, CA 90010
The1king83@gmail.com email
213-739-2800 fax
407-420-7734 phone

## Verification

Pursuant to 28 U.S.C. § 1746 I, Dimitri Patterson, declare as follows:

*1.* I am a Plaintiff in the following case and a citizen in the United States of America and a resident of California.

*2.* I have personal knowledge of the factual statements set forth in the foregoing *Verified Complaint for Damages and Injunctive Relief,* and if called on to testify I would competently testify as to the matters stated herein.

*3.* I verify under penalty and perjury under the laws of the United States of America that the factual statements in this *Verified Complaint* concerning myself and the actions of the Defendants are correct.

Executed on August 14, 2018.

Dimitri Patterson

# EXHIBIT A

# Former NFL Player Detained For Injuring Two Officers

## @balleralert



   

**1,357 likes**

**balleralert** Former NFL Player Detained For Injuring Two Officers - blogged by: @asimplebijou



                                                        

**1,357 likes**

**balleralert** Former NFL Player Detained For Injuring
Two Officers - blogged by: @asimplebijou

Former NFL player Dimitri Patterson was detained
Tuesday after he injured two police officers.

According to the Miami Herald, Patterson attempted
to flee after a judge ordered him to be placed in
custody. While running, a female officer was knocked
over by Patterson, consequently  hitting her head. As
a result, she was forced to go to the hospital.
Patterson also injured a male officer's wrist while
fleeing.

Patterson was detained Tuesday night and will face
charges, including battery on a law enforcement



Cornerback Dimitri Patterson stretches during Miami Dolphins practice at the Dolphins training facility at NSU in Davie on July 22, 2013. Patterson injured two Miami-Dade officers on Tuesday, Aug. 15, 2017, while bolting from a Miami-Dade courtroom when a judge ordered him into custody, police said. **Joe Rimkus Jr. -** Miami Herald File

**MIAMI-DADE COUNTY**

# Former Miami Dolphins player bolts from courtroom, injures two police officers

**BY CHARLES RABIN AND CARLI TEPROFF**
*crabin@miamiherald.com*

August 15, 2017 06:43 PM
Updated August 15, 2017 08:22 PM

-Miami Dolphin bolts from courtroom, injures two cops | Miami Herald                                      2/18/18, 9:37 PM

A former Miami Dolphins cornerback left two
Miami-Dade police officers injured on Tuesday
after he bolted from a Miami-Dade courtroom
when a judge ordered him placed under
custody, police said.

Dimitri Patterson, 34, was being detained
Tuesday evening and is expected to face
charges including battery on a law enforcement
officer.

Patterson, who played for the Dolphins in 2012
and 2013, was at the Lawson E. Thomas
Courthouse Center in downtown Miami at a
hearing before Judge William Altfield. It was
not clear why he was in court.

After the judge ordered that Patterson be taken
into custody, he took off running, said Argemis
Colome, a spokesman for Miami-Dade police.

**Never miss a local story.**
Sign up today for a free 30 day free trial of
unlimited digital access.

SUBSCRIBE NOW

He knocked down a female officer who hit her
head, Colome said. She was taken to a nearby
hospital and was later released. A male officer
suffered a wrist injury.

Patterson was arrested on a felony child abuse charge in 2015 at Aventura Mall, according to ESPN.

According to an Aventura police report posted on Local 10's website, Patterson went to the mall to meet the mother of his child to pick up his 1-year-old son. That's when the two began to argue, an officer wrote in the report. Patterson's ex-girlfriend began recording him because of "his aggressive tone," the officer said.

Patterson then threw her to the ground, which caused her to drop her son. She suffered redness to the back of her neck and the baby had a bruise on the back of his head, according to the report.

Court records show he was acquitted by a jury for culpable negligence and battery in July.

**SUGGESTED FOR YOU**

   

Fired 'Tonight Show' Staffers File Lawsuit

This Figure-Skating Move Was Too Provocative for the Olympic

Suspected School Shooter Says Attack Was Instructed by 'Demons'

'Horror House' Dad Kidnapped His Wife When She Was 16

# AFFIDAVIT 1



I100114504

## COMPLAINT/ARREST AFFIDAVIT

| OBTS NUMBER | | POLICE CASE NO PD170815310038 | |
|---|---|---|---|

| SPECIAL OPERATION: | ☐ FELONY ☐ WARRANT | ☒ MISD | ☐ TRAFFIC | ☐ JUV FUGITIVE WARRANT | ☐ DV | ☐ MOVES In State | ☐ CIV INF Out State | JAIL NO. 170156585 | PMHD NO | COURT CASE NO |
|---|---|---|---|---|---|---|---|---|---|---|

| IDS NO. | AGENCY CODE 030 | MUNICIPAL P.D. DEF. ID NO. | MDPD RECORDS AND ID NO. | STUDENT ID NO. | GANG RELATED NO | FRAUD RELATED NO |
|---|---|---|---|---|---|---|

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) PATTERSON, DIMITRI JONTHEIL | ALIAS and / or STREET NAME | SIGNAL: |
|---|---|---|

| DOB (MM/DD/YYYY) 06/18/1983 | AGE 34 | RACE B | SEX M | HISPANIC: NO ETHNICITY: AFR | HEIGHT 5'10 | WEIGHT 195 | HAIR COLOR BLK | HAIR LENGTH REC | HAIR STYLE WAV | EYES BRO | GLASSES NO | FACIAL HAIR GOT | TEETH NOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description) | PLACE OF BIRTH (City, State/Country) MIAMI FL US |
|---|---|

| LOCAL ADDRESS | | PHONE | CITIZENSHIP US |
|---|---|---|---|

| PERMANENT ADDRESS (Street, Apt. Number) 16699 COLLINS AVE # 2904 | (City) SUNNY ISLES BEACH | (State) FL | (Country) US | (Zip) 33160 | PHONE | OCCUPATION |
|---|---|---|---|---|---|---|

| SCHOOL OR BUSINESS ADDRESS (Street, Apt. Number) | (City) | (State) | (Country) | (Zip) | PHONE | ADDRESS SOURCE VERBAL |
|---|---|---|---|---|---|---|

| DRIVER'S LICENSE NUMBER/STATE | SOCIAL SECURITY NO. | WEAPON SEIZED NO | DEFENDANT/CONCEALED WEAPON PERMIT NONE | INDICATION OF: Alcohol Influence: N Drug Influence: N |
|---|---|---|---|---|

| ARREST DATE 08/15/2017 | ARREST TIME 14:30 | ARREST LOCATION 175 NW 1ST AVE #2A MIAMI, FL 33128 | GRID 1312 |
|---|---|---|---|

| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
|---|---|---|---|---|
| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

| JUV only | Relation | Name | Street | | | | | Zip | Phone | Contacted? |
|---|---|---|---|---|---|---|---|---|---|---|

| CHARGES | CHARGE AS: | CNTS | FL STATUTE NUMBER | VIOL OF SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 1. A WARRANT TYPE: TAKEN INTO CUSTODY FROM COURT TC | | | | | | | | B15034548 TC |
| 2. | | | | | | | | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:

On the 15 day of AUGUST, 2017, at 14:30 at 175 NW 1ST AVE #2A, MIAMI, FL, 33128
WARRANT #/COURT CASE#: B15034548, WARRANT DATE: 08/15/2017
TOTAL BOND: NO BOND
REF CHARGE/BOND AMT: RULE TO SHOW CAUSE

| HOLD FOR OTHER AGENCY VERIFIED BY | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing). | ☐ I Understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. |
|---|---|---|

| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 15 DAY OF AUGUST, 2017 | ☐ You need not appear in court, but must comply with the instructions on the reverse side hereof. |
|---|---|---|

GARCIA, N; Court ID: 030-05370 05042

DEL CASTILLO, E; Court ID: 030-04762 05042

Page 1 of 2

20171447420

Report Generated at 08/15/2017 18:35:59 by AMCCU67

COMPLAINT/ARREST AFFIDAVIT · COURT COPY



1100114504

| OBTS NUMBER | **COMPLAINT/ARREST AFFIDAVIT CONTINUATION** | POLICE CASE NO PD170815310038 |

| JAIL NO. 170156585 | COURT CASE NO. |

| SPECIAL OPERATION: | ☐ FELONY ☐ WARRANT ☒ MISD ☐ TRAFFIC ☐ JUV ☐ DV FUGITIVE WARRANT. | ☐ MOVES In State ☐ CIV INF Out State | JAIL NO. 170156585 | PMHD NO | COURT CASE NO. |

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) PATTERSON, DIMITRI JONTHEIL | | DOB (MM/DD/YYYY) 06/18/1983 |

| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

| CHARGES | CHARGE AS | CNTS | FL STATUTE NUMBER | VIOL OF SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | | | | | | | | |
| 6. | | | | | | | | |
| 7. | | | | | | | | |
| 8. | | | | | | | | |

DEFENDANT WAS TAKEN INTO CUSTODY IN OPEN COURT PER JUDGE ALTFIELD. DEFENDANT IS TO BE HELD NO BOND. BROUGHT TO COURT ON 08/16/2017 AT 10:45 AM, TO ANSWER WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT IN COURTROOM 2C PER JUDGE ALTFIELD.

DEFENDANT ALSO CHARGED WITH AGG BATTERY ON P.O. C/N PD170815310070..

NO OPEN WARRANTS

| HOLD FOR OTHER AGENCY VERIFIED BY | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing). | ☐ I Understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. |
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 15 DAY OF AUGUST, 2017 | ☐ You need not appear in court, but must comply with the instructions on the reverse side hereof. |
| *(signature)* GARCIA, N: Court ID: 030-05370 | *(signature)* DEL CASTILLO, E: Court ID: 030-04762 | |

20171447420

# AFFIDAVIT 2

**COMPLAINT/ARREST AFFIDAVIT**

| OBTS NUMBER | | POLICE CASE NO. |
|---|---|---|
| 1305149467 | | PD170815310070 |

| SPECIAL OPERATION: | [X] FELONY | [ ] MISD | [ ] TRAFFIC | [ ] JUV | [ ] DV | MOVES | [ ] In State [ ] Out State | CIV INF | JAIL NO. 170156585 | PMHD UNK | COURT CASE NO. F17016392 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | [ ] WARRANT | | | FUGITIVE WARRANT: | | | | | | | |

| IDS NO. 3159495 | AGENCY CODE 030 | MUNICIPAL P.D. DEF. ID NO. | MPD RECORDS AND ID NO. 1150755 | STUDENT ID NO. | GANG RELATED NO | FRAUD RELATED NO |
|---|---|---|---|---|---|---|

| DEFENDANT'S NAME (LAST, FIRST, MIDDLE) | ALIAS and / or STREET NAME | SIGNAL: |
|---|---|---|
| PATTERSON, DIMITRI JONTHIEL | | |

| DOB (MM/DD/YYYY) 06/18/1983 | AGE 34 | RACE B | SEX M | HISPANIC: NO ETHNICITY: AFR | HEIGHT 5'11 | WEIGHT 170 | HAIR COLOR BLK | HAIR LENGTH SHT | HAIR STYLE AFR | EYES BRO | GLASSES NO | FACIAL HAIR CLN | TEETH NOR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| SCARS, TATTOOS, UNIQUE PHYSICAL FEATURES (Location, Type, Description) | PLACE OF BIRTH (City, State/Country) FL US |
|---|---|

| LOCAL ADDRESS | PHONE | CITIZENSHIP US |
|---|---|---|

| PERMANENT ADDRESS (Street, Apt. Number) 641 COLISEUM ST 32205 | (City) ORLANDO | (State) FL | (Country) US | (Zip) 32828 | PHONE | OCCUPATION |
|---|---|---|---|---|---|---|

| SCHOOL OR BUSINESS ADDRESS (Street, Apt. Number) | (City) | (State) | (Country) | (Zip) | PHONE | ADDRESS SOURCE DL |
|---|---|---|---|---|---|---|

| DRIVER'S LICENSE NUMBER/STATE FL-P362170832180 | SOCIAL SECURITY NO. | WEAPON SEIZED NO | Defendant/CONCEALED WEAPON PERMIT NONE | INDICATION OF: Alcohol Influence: U Drug Influence: U |
|---|---|---|---|---|

| ARREST DATE 08/15/2017 | ARREST TIME 15:45 | ARREST LOCATION LAWSON E. THOMAS COURT HOUSE 175 NW 1ST AVE MIAMI, FL 33128 | GRID 1312 |
|---|---|---|---|

| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
|---|---|---|---|---|
| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |
| CO-DEFENDANT NAME | DOB | [ ] IN CUSTODY [ ] AT LARGE | [ ] FELONY [ ] DV | [ ] JUVENILE [ ] MISDEMEANOR |

| JUV only | Relation | Name | Street | | Zip | Phone | Contacted? |
|---|---|---|---|---|---|---|---|

| CHARGES | CHARGE AS: | CNTS | FL STATUTE NUMBER | VIOL of SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 1. F/S-BATTERY/POLICE OFFICER/CORRECTIONS/FIREFIGHTER | F.S. | 1 | 784.07(2)(B) | | | | N | |
| 2. F/S-RESISTING OFFICER WITH VIOLENCE TO HIS PERSON | F.S. | 6 | 843.01 | | | 0010130B | N | |
| 3. | | | | | | | | |
| 4. | | | | | | | | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law:

On the 15 day of AUGUST, 2017, at 14:25 at (LAWSON E. THOMAS COURT HOUSE) 175 NW 1ST AVE. MIAMI, FL, 33128

I RESPONDED TO THE LAWSON BUILDING COURT HOUSE IN REFERENCE TO A BATTERY ON A POLICE OFFICER. UPON ARRIVAL AT 1532 HOURS, I MADE CONTACT WITH OFFICER PERKINS WHO BRIEFED ME ON THE INCIDENT.

OFFICER PERKINS STATED THAT AT 1404 HOURS AN PANIC ALARM WAS ACTIVATED IN COURTROOM 2A. OFFICER PERKINS RESPONDED ALONG SIDE OFFICER N. GARCIA, B. ROBERT, AND K. MOOD. JUDGE ALTFIELD HAD A HEARING WITH THE DEFENDANT ON A RULE TO SHOW CAUSE HEARING UNDER (B15-34548 POLICE CASE PD170815310038) FOR POSSIBLE CONTEMPT OF COURT. POLICE PRESENCE WAS REQUESTED TO KEEP THE PEACE IN THE COURT ROOM AND AFTER SEVERAL MINUTES OF JUDGE... [Continued on Next Page]

| HOLD FOR OTHER AGENCY VERIFIED BY | HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing) | [ ] I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. You need not appear in court, but must comply with the instructions on the reverse side hereof. |
|---|---|---|
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 16 DAY OF AUGUST, 2017 | |
| RODRIGUEZ JR, L: Court ID: 030-08131 09027 | NIEVES, L: Court ID: 030-04888 09027 | |

Report Generated at 08/16/2017 13:19:07 by RPF

Page 1 of 2

20171447485

**COMPLAINT/ARREST AFFIDAVIT CONTINUATION**

| OBTS NUMBER | | | | POLICE CASE NO. |
|---|---|---|---|---|
| 1305149467 | | | | PD170815310070 |

| JAIL NO. | | COURT CASE NO. |
|---|---|---|
| 170156585 | | F17016392 |

| SPECIAL OPERATION: | ☒ FELONY ☐ WARRANT | ☐ MISD | ☐ TRAFFIC | ☐ JUV ☐ DV FUGITIVE WARRANT: | MOVES ☐ In State | CIV INF ☐ Out State | JAIL NO. 170156585 | PMHD UNK | COURT CASE NO. F17016392 |

DEFENDANT'S NAME (LAST, FIRST, MIDDLE)
**PATTERSON, DIMITRI JONTHIEL**

DOB (MM/DD/YYYY)
06/18/1983

| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |
|---|---|---|---|---|
| CO-DEFENDANT NAME | DOB | ☐ IN CUSTODY ☐ AT LARGE | ☐ FELONY ☐ DV | ☐ JUVENILE ☐ MISDEMEANOR |

| CHARGES | CHARGE AS: | CNTS | FL STATUTE NUMBER | VIOL OF SECT. | CODE OF | UCR | DV | WARRANT TYPE OR TRAFFIC CITATION |
|---|---|---|---|---|---|---|---|---|
| 5. | | | | | | | | |
| 6. | | | | | | | | |
| 7. | | | | | | | | |
| 8. | | | | | | | | |

ALTFIELD ATTEMPTING TO BEGIN THE HEARING DEFENDANT DISRESPECTED THE COURT ROOM AND WAS ORDERED BY JUDGE ALTFIELD TO BE TAKEN INTO CUSTODY FOR DIRECT CIVIL CONTEMPT. SGT. DEL CASTILLO AND OFFICER M. GARCIA RESPONDED AS ADDITIONAL BACK UP TO THE COURT ROOM.

OFFICER PERKINS GRABBED DEFENDANTS RIGHT WRIST AND PLACED THE HANDCUFF TO DEFENDANTS RIGHT HAND. OFFICER PERKINS WAS ATTEMPTING TO HANDCUFF THE DEFENDANTS LEFT-HAND.

THE DEFENDANT RAN TOWARDS THE DOORS OF THE COURTROOM TO EXIT. WHILE RUNNING TOWARDS THE DOOR, THE DEFENDANT TACKLED OFFICER B. ROBERT CAUSING HER TO FALL BACKWARDS AND SUSTAINING AN INJURY TO THE BACK OF HER HEAD. OFFICER PERKINS WAS ABLE TO MAINTAIN CONTROL OF THE RIGHT WRIST HANDCUFF WITHOUT LOSING GRIP OF DEFENDANT. AT THIS TIME OFFICER PERKIN STATED ALL THE OFFICERS (N. GARCIA, B. ROBERT, K. MOOD, M. GARCIA AND SGT. DEL CASTILLO) FELL TO THE FLOOR INCLUDING DEFENDANT. WHILE ON THE FLOOR DEFENDANT REFUSED TO PLACE HIS LEFT ARM BEHIND HIS BACK AS HE WAS RESISTING MULTIPLE ATTEMPTS TO COMPLY AS THE OFFICERS WERE ATTEMPTING TO COMPLETE THE ARREST. DURING THE STRUGGLE, THE DEFENDANT PULLED OFFICER PERKINS WITH THE HANDCUFF TO AVOID BEING HANDCUFFED.

OFFICER PERKINS WAS ABLE TO GET DEFENDANTS HANDS BEHIND HIS BACK COMPLETING THE ARREST OF DEFENDANT.

DURING THE STRUGGLE OFFICER B. ROBERT SUSTAINED A BACK HEAD INJURY, AND OFFICER M. GARCIA SUSTAINED AN INJURY TO HER LEFT WRIST. BOTH OFFICERS WAS TRANSPORTED TO JACKSON MEMORIAL HOSPITAL (RYDER TRAUMA CENTER).

| HOLD FOR OTHER AGENCY VERIFIED BY | ☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing). | ☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Juvenile Division) anytime that my address changes. |
|---|---|---|
| I SWEAR THAT THE ABOVE STATEMENT IS TRUE AND CORRECT. | SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS 16 DAY OF AUGUST, 2017 | ☐ You need not appear in court, but must comply with the instructions on the reverse side hereof. |
| RODRIGUEZ JR, L: Court ID: 030-08131 | NIEVES, L: Court ID: 030-04888 | Page 2 of 2 |

20171447485

Report Generated at 08/16/2017 13:19:07 by RPF